**RICHARDSON et al. v. WESLEY et ux.**
(No. 389.)

Court of Civil Appeals of Texas. Eastland. Jan. 13, 1928.

1. **Exchange of property** ⊚⟲3(1)—**Party to exchange of lands may rescind for fraud of agents with whom each party listed lands.**

One party to exchange of lands may rescind his sale and cancel deeds on account of fraudulent representations made to him by real estate agent with whom each party had listed lands for sale.

2. **Principal and agent** ⊚⟲181—**Notice to agent acting inconsistently with duties held not notice to plaintiff.**

Though plaintiff listed his land with real estate brokers, and authorized them to represent him in negotiations for sale thereof, such authority was automatically rescinded, when brokers embarked on course of conduct inconsistent with relationship, and hence notice to brokers concerning character of land to be received in exchange was not notice to plaintiff.

3. **Exchange of property** ⊚⟲3(1)—**Where jury found that brokers were defendant's agents in land exchange, in misrepresenting character of defendant's lands, they acted as defendant's agent only.**

Where jury found that in exchange of land brokers were agents of defendants, in making false representations as to character of defendant's land, brokers acted as agents of defendants only as respects validity of exchange.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by W. J. Wesley and wife against A. O. Richardson and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Brooks & Robinson, of Anson, and Scarborough & Wilson, of Abilene, for appellants.

Thomas, Pope & Shapard, of Anson, for appellees.

HICKMAN, Judge. Appellant Richardson was the owner of some land in Gaines county and appellee Wesley of some land in Jones county. An exchange of lands was effected

between them, and deeds were passed from each to the other. The exchange was made through J. O. Brown and W. A. Brown, real estate agents operating as partners in Anson, Tex. Suit was instituted by appellees against appellants to rescind the sale and cancel their deed for fraud. The fraud alleged consisted in false representations claimed to have been made by appellant Richardson through his agents concerning the character of the Gaines county land. The case was submitted to the jury upon special issues, by their answers to which the jury determined that fraud was practiced upon appellees by the agents of appellant. Upon such answers judgment was rendered, decreeing, among other things, a cancellation of the deed made by appellees to appellant conveying the Jones county land. The first issue submitted to the jury was as follows:

"During the negotiations that led up to the execution of the deeds by plaintiffs, W. J. Wesley and wife, and defendants A. O. Richardson and wife, were J. O. Brown and W. A. Brown acting as the agents of A. O. Richardson?" To this issue the jury answered: "Yes."

Appellant duly requested the submission of the following special issue:

"Were W. A. Brown and J. O. Brown acting as the agents of plaintiff W. J. Wesley and defendant A. O. Richardson at the time of the exchange of the lands in controversy?"

The refusal of the learned trial judge to give this issue in charge to the jury presents the principal question for determination upon this appeal.

It is contended by appellees that the issue was not authorized by the evidence, and also that the requested issue embodies two distinct issues of fact, for which reasons the court did not err in refusing to give same in charge to the jury. It is further contended that, even if the issue had been submitted to the jury, and had been answered in the affirmative, no different judgment would have resulted. We think that appellees' last contention must be upheld, and, for that reason, it becomes unnecessary to determine whether the first two contentions above referred to should be sustained. The position of appellants is clearly stated in the following quotation from their brief:

"The first and third propositions are, in effect, that the plaintiff should not have recovered in this case because W. A. and J. O. Brown were the agents of both parties, and any representations made by either of the Browns to Wesley would have been the representation of his own agent, and plaintiffs would have no right to rescind by reason of any representation made to him by the Browns. * *. *

"Assuming this fact to be true, then any representations made by the Browns to Wesley were representations of his own agent, and, if they were false and fraudulent, Wesley would have no right to a rescission of any contract, for the reason that he had knowledge of the false

and fraudulent representations at the time they were made to him by reason of the fact that the parties making the representations to him were his own agents."

[1] The sole question of law determinative of the appeal is whether one party to an exchange of lands may rescind his sale and cancel his deed on account of fraudulent representations made to him by a real estate agent with whom each party had listed his lands for sale.

We think this question of law has been determined by the decisions of our own courts.

In the case of Cotton v. Rand, 93 Tex. 7, 51 S. W. 838, Chief Justice Gaines states the law to be:

"We are clearly of the opinion that such a breach of duty on part of an agent, unless condoned by the principal with a full knowledge of the facts, puts an end ipso facto to the agency. The law requires fidelity of agents, and holds them no longer capable of representing their principals, when, without the knowledge of the latter, they acquire an interest in the matter of the agency adverse to that of their employers."

In the case of Binder v. Millikin (Tex. Civ. App.) 201 S. W. 239, it is held that the act of an agent in turning aside from his duty to his principal, and seeking individual advantage inconsistent with the interests of his principal, automatically revokes the agency, and destroys the relationship of principal and agent. Chief Justice Fly of the San Antonio court, who wrote the opinion in that case, states the law in this language:

"The law abhors double dealing, especially upon the part of one in whom a trust is reposed and confidence given; and when the agent turns aside from the plain paths of his agency and seeks individual advantage inconsistent with, and antagonistic to, the rights and interests of his principal, his authority is automatically destroyed and agency revoked. He cannot be permitted to hold a position where self-interest and honor become contending forces, and where dire temptations would assail and ordinarily conquer him."

[2] Assuming that appellee had listed his land with the Browns, and that, by virtue of such listing, the Browns had authority to represent him in negotiations for a sale thereof, that authority was automatically revoked when the Browns embarked upon a course of conduct inconsistent with the relationship of principal and agent, and notice to the Browns would not be notice to appellee.

[3] In this case the jury has found that the Browns were the agents of appellants in this transaction. It necessarily follows that, in making representations as to the character of appellants' land, they were acting as agents of appellant only. This question is considered in the recent case of Jacks v. Manning, 297 S. W. 588, in an opinion by the Austin court. That opinion announces what we consider to be correct conclusions on the

question, and should be followed by this court.

The judgment of the trial court will be affirmed.